IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LOUIS DESALLE,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )        Civil Action No. 3:14CV834–HEH
                                  )
TITLEMAX OF VIRGINIA, INC.,       )
      d/b/a TITLEMAX,             )
                                  )
            Defendant.            )

## MEMORANDUM ORDER
### (Remanding Case)

THIS MATTER is before the Court pursuant to 28 U.S.C. § 1447(c), vesting United States District Courts with the authority to raise issues of subject matter jurisdiction *sua sponte*. For the reasons stated herein, the case is REMANDED to the Circuit Court for the City of Petersburg, Virginia.

Plaintiff Louise Desalle ("Plaintiff"), a citizen of the Commonwealth of Virginia, instituted this suit in state court against Defendant TitleMax of Virginia, Inc. ("TitleMax of Virginia"), a company located in Colonial Heights, Virginia, alleging several violations of Virginia law stemming from a $2,210 car title loan Plaintiff extended to him by TitleMax of Virginia. In particular, Plaintiff alleges violations of the Virginia Vehicle Title Loans Act, Virginia Consumer Protection Act, and Uniform Commercial Code. TitleMax of Virginia removed the above-captioned case from the Circuit Court for the City of Petersburg, Virginia to this Court on December 16, 2014 ("Notice of Removal," ECF No. 1), alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

"While § 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction, § 1441 gives defendants a corresponding opportunity" by allowing removal of diverse actions from state courts. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005). A defendant may not, however, remove an otherwise diverse state court action to federal court if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). Notwithstanding this limitation, a defendant may remove a state court action where no plaintiff and defendant share the same state citizenship, and the amount in controversy exceeds $75,000.[1] 28 U.S.C. § 1441(b); *see also Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The removability of a case "depends upon the state of the pleadings and the record at the time of the application for removal." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (internal citation and quotation marks omitted). Where, as here, diversity jurisdiction "provides the grounds for removal, [] the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *Id.* (internal citation and quotation marks omitted). The Court is obliged to strictly construe removal jurisdiction, and where federal jurisdiction is doubtful, remand to state court is necessary. *Md. Stadium Auth. V. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

"[I]t is firmly settled that a corporate parent and its subsidiaries may not manipulate federal diversity jurisdiction by litigating cases in the name of the other." *Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 616 (4th Cir. 2004), *rev'd on other grounds*, 546 U.S. 81 (2005) (internal citation omitted); *see also Maday v. Toll Bros., Inc.*, 72 F.Supp.2d 599, 605 n. 31 (E.D. Va. 1999) (citing *Schwartz v. Electronic Data Sys., Inc.*, 913 F.2d 279, 283 (6th Cir. 1990) (holding

---

[1] As Plaintiff's claims pertain solely to violations of Virginia law, the Court's federal question jurisdiction pursuant to 14 U.S.C. § 1331 is not relevant to the analysis.

that the citizenship of a corporate subsidiary is generally assessed individually, and without regard to the citizenship of the parent corporation)). Notably, TitleMax of Virginia—the named defendant—premises diversity jurisdiction upon TitleMax's state of incorporation and principal place of business without alleging a single fact as to the basis for such dependence. (Notice of Removal at ¶ 6.) Pursuing this course of action to establish the Court's jurisdiction, particularly as to TitleMax of Virginia's principal place of business, is suspect. The Court's decision to remand, however, is reinforced by a review of the amount in controversy.

TitleMax of Virginia contends that the Court's jurisdictional amount in controversy of $75,000 is satisfied because Plaintiff seeks $125,000 in damages. (*Id.* at ¶ 9.) Yet, notably, Plaintiff's damages demand consists of $25,000 in total damages for the alleged violations and $100,000 in punitive damages related solely to a claim for conversion. (Notice of Removal, Ex. A thereto, "Complaint," at 1, 14.) The demand for $100,000 in punitive damages arises from the alleged conversion of personal possessions located in Plaintiff's vehicle at the time of its repossession, as well as conversion of the "value of [Plaintiff's] vehicle beyond the amount actually owed on his debt." (Compl. at ¶¶ 100–02.) The Plaintiff's personal possessions are described as "tools, jumper cables, basketball, football, and 100 CDs and DVDs." (*Id.* at ¶ 44.) Presumably, Plaintiff's conversion allegation as to TitleMax of Virginia charging more than the amount actually owed on his debt result from, Plaintiff avers, statutorily improper interest and repossession charges in the amount of $994. (*Id.* at ¶¶ 34, 37.)

In the Fourth Circuit, the black letter rule "has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 177 (4th Cir. 2007) (internal citation omitted). That is, if "it is

3

apparent, to a legal certainty, that the plaintiff cannot recover the [jurisdictional] amount claimed," then the case may be dismissed. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (internal citation omitted). Critically, "claims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined." *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) (per curiam) (citing *Zahn v. International Paper Co.*, 469 F.2d 1033, 1033 n. 1 (2d Cir. 1972), *aff'd*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973)).

As punitive damages provide the principal[2] basis for reaching the Court's jurisdictional amount in controversy, the Court has reviewed Virginia case law as to damages where conversion of personal property is the underlying cause of action.[3] The measure of damages in a conversion action is the market value of the property at the time of conversion. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 2011 WL 4625760, at *2 (E.D. Va. Oct. 3, 2011) (citing *Straley v. Fisher*, 176 Va. 163, 165, 10 S.E.2d 551, 553–54 (1940)). Additionally, an award of punitive damages is "allowable only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others." *Condominium Servs., Inc. v. First Owners' Ass'n of Forty Six Hundred Condo., Inc.*, 281 Va. 561, 580, 709 S.E.2d 163, 175 (2011) (quoting *Giant of Virginia, Inc. v. Pigg*, 207 Va. 679, 685, 152 S.E.2d 271, 277 (1967). Actual malice, a notably different standard than legal malice, is appropriate where the defendant's actions are "prompted by ill will, malevolence, grudge, spite,

---

[2] The Court is mindful of the fact that attorney's fees factor into the Court's jurisdictional amount in controversy analysis, as the Virginia Consumer Protection Act permits payment of reasonable attorney's fees. Va. Code § 59.1-204; *Francis*, 709 F.3d at 368 (internal citation and quotation marks omitted). As the Fourth Circuit in *Francis* affirmed, however, the Court's "[e]xperience and common sense" suggests that this action, premised upon several relatively well-settled areas of Virginia law, is unlikely to produce fees that would remedy the inability of Plaintiff to reach the jurisdictional amount. *Id.*

[3] In Virginia, conversion is "any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith." *See Federal Ins. Co. v. Smith*, 144 F.Supp.2d 507, 517–18 (E.D. Va. 2001) (quoting *Universal C.I.T. Credit Corp. v. Kaplan*, 198 Va. 67, 75, 92 S.E.2d 359, 365 (1956)).

wicked intention or a conscious disregard of the rights of another." *Peacock Buick, Inc. v. Durkin*, 221 Va. 1133, 1137, 277 S.E.2d 225, 227 (1981).

These decisions, taken together with Virginia courts' focus on the proportionality between compensatory and punitive damages when affirming punitive damages awards, demonstrate that the Plaintiff is, to a legal certainty, not entitled to damages that would allow him to reach the Court's jurisdictional amount in controversy. *See Coalson v. Canchola*, 287 Va. 242, 252, 754 S.E.2d 525, 530 (2014) (reiterating the principle punitive damage awards should generally be within single digits unless defendant's actions are exceptionally reprehensible). Indeed, in light of the minimal market value of the Plaintiff's allegedly converted personal possessions, a jury would be required to return a punitive damages reward of almost forty to fifty times the amount of compensatory damages. Resorting to the Plaintiff's punitive damages demand to satisfy the Court's jurisdictional amount in controversy is all the more dubious considering the basis for steep punitive damages, namely TitleMax of Virginia not returning all of Plaintiff's personal possessions subsequent to legally repossessing his vehicle. Simply stated, a punitive damages award necessary to satisfy the Court's jurisdictional amount in controversy is, to a legal certainty, unobtainable. Finally, any excess charges, if indeed statutorily improper, constitute legal, not actual, malice and thus would not be entitled to punitive damages. *Peacock*, 221 Va. at 227–28.

Because the Court is instructed to strictly construe removal jurisdiction, and remand to state court where federal jurisdiction is doubtful, this action is REMANDED to the Circuit Court for the City of Petersburg, Virginia.

The Clerk is directed to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

/s/
_____

Henry E. Hudson
United States District Judge

Date: Dec 22 2014
Richmond, Virginia